IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.                                              Case No.  97-20058-JWL

**ROBERT RILEY,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

On July 27, 1998, defendant was sentenced to a term of imprisonment for possession of pseudoephedrine with intent to manufacture. After being incarcerated, defendant began a three-year period of supervised release on October 26, 2002.  On February 8, 2004, while on supervised release, defendant was arrested by the Kansas City, Kansas Police Department and charged with aggravated battery and battery, in violation of the terms of his supervised release. After his arrest, defendant was placed into the custody of the Kansas Department of Corrections where he currently remains.  Because defendant violated the terms of his supervised release, a warrant was issued from this court on February 9, 2004,  directing the United States Marshals to arrest defendant and bring him to the nearest magistrate judge for proceedings regarding the revocation of his supervised release. As a result of the federal arrest warrant, a federal detainer was placed on defendant on October 8, 2004. This matter is currently before the court on defendant's "Motion to Execute Court Order" (Doc. # 174), where defendant asks that he be brought before this court for sentencing.[1]  There are two ways that this motion can be interpreted;

either defendant believes that his right to be taken before a magistrate under Federal Rule of Criminal Procedure 32.1 is being violated or defendant believes that he is not receiving a speedy disposition of charges as required by Article III of the Interstate Agreement on Detainers Act ("IADA").  The court, however, finds that Fed. R. Crim. P. 32.1 is not applicable because defendant is not in custody for violating the terms of his supervised release nor is Article III of the IADA applicable because the detainer was filed to ensure that defendant will proceedings regarding the revocation of his supervised release rather than federal criminal charges, and therefore, the court denies defendant's motion.[2]

**Fed. R. Crim. P. 32.1**

Rule 32.1 sets forth the procedures for revoking or modifying probation or supervised release.  Rule 32.1(a)(1) states that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge," and  rule 32.1(b)(1)(A) states, "[i]f a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether

---

[1]  The court believes that in large part, this matter is currently before the court because defendant does not understand what a federal detainer is.  "A 'detainer' is a request made by a criminal justice agency to an institution in which a prisoner is incarcerated, asking the institution either to hold the prisoner for the agency or to notify the agency when the release of the prisoner is imminent.  As such, a detainer does not compel or require any action by the officials of the state with which it is lodged." 21 AM. JUR. 2D *Criminal Law* § 544 (2004).  *See Thomas v. Whalen,* 962 F.2d 358, 360 (4th Cir. 1992) ("A detainer neither effects a transfer of a prisoner from state to federal custody nor transforms state custody into federal custody by operation of law.").

[2]  The court also denies defendant's motion to appoint counsel (Doc. # 173) because with denial of defendant's "Motion to Execute Court Order," no issue remains before the court in this case.

2

there is probable cause to believe that a violation occurred. The person may waive the hearing."

Defendant, however, is not entitled to a Rule 32.1 hearing at this time because he has not been taken into custody for violating the terms of his supervised release. *See United States v. Fernandez*, 139 F.3d 913, 1998 WL 58158 at * 1 (10th Cir. Feb. 11, 1998) ("Rule 32.1(a)(2) [which governs when Rule 32.1 applies,] is triggered only when the government takes a defendant into custody for violating the conditions of his parole or supervised release, not by the mere issuance of a detainer.); *United States v. Mireles*, 1996 WL 343627 at * 1 (10th Cir. Jun. 21. 1996) (the lodging of a federal detainer with a state is not a sign that the federal government had custody); *see also Unites States v. Pardue*, 363 F.3d 695, 697-98 (8th Cir. 2004) (when a person is being held for an offense in addition to a supervised release violation Rule 32.1(a)(1) does not apply; *United Stated v. Sackinger*, 704 F.2d 29, 30 (2d Cir. 1983) (same). As Rule 32.1 does not apply, defendant is not required to be brought before a magistrate judge for a hearing at this time.

**IADA**

The IADA also does not apply to the current case. "Article III of the [IADA] gives a prisoner incarcerated in one State the right to demand the speedy disposition of 'any untried indictment, information or complaint' that is the basis of a detainer lodged against him by another State." *Crowley v. Graham*, 172 F.3d 62, 1999 WL 72123 at *1 (10th Cir. Feb. 16,1999) (quoting *Carchman v. Nash*, 473 U.S. 716, 718 (1985). In *Carchman*, the Supreme Court held that a probation-revocation detainer does not qualify under the terms of Article III of the IADA

3

because such a detainer is not based on "any untried indictment, information or complaint."[3]  The court pointed out that the IADA's use of "indictment, information or complaint" refers to documents charging an individual with having committed a criminal offense, and that the adjective "untried" refers to matters that can be brought to full trial.  *Carchman*, 473 U.S. at 724.  A prisoner subject to a probation violation charge or allegations that he violated the terms of his supervised release would not be brought to full trial. Instead, the Supreme Court explained:

> the probation-violation charge results in a probation-revocation hearing, a proceeding to determine whether the conditions of probation should be modified or the probationer should be resentenced, at which the probationer is entitled to less than the full panoply of due process rights accorded a defendant at a criminal trial.

*Id.* at 725-26.

Given this reasoning, the court finds that the IADA does not apply to the detainer at issue.  Here, the detainer was filed to ensure that defendant will appear at hearing regarding the revocation of his supervised release.  Defendant will not be brought to full trial for failing to comply with the terms of his supervised release, importantly, there is not an indictment for criminal charges stemming from defendant's February 8, 2004 arrest.  Since the IADA applies only to untried criminal charges, the IADA does not apply to the detainer filed against defendant, and it is not required that he be transferred to federal custody for the disposition of his revocation of

---

[3] While the *Carchman* case discussed a detainer in the context of a probation violation, a probation violation is analogous to the violation of the terms of supervised release as neither infraction gives rise to matters that can be brought to a full trial, and therefore, the Supreme Court holding in *Carchman* is applicable in this case.

4

supervised release. *See McDonald v. New Mexico Parole Bd.*, 955 F.2d 631, 633 (10th Cir. 1991).

**Conclusion**

As neither Fed. R. Crim. P. 32. nor Article III of the IADA are applicable because defendant is not in custody for violating the terms of his supervised release and the detainer was filed to ensure that defendant will attend proceedings regarding the revocation of his supervised release rather than federal criminal charges, the court denies defendant's "Motion to Execute Court Order."

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to appoint counsel (Doc. # 173) and defendant's "Motion to Execute Court Order" (Doc. # 174) are denied.

**IT IS SO ORDERED** this 2nd day of May, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge